## SULLIVAN v. MARYLAND CASUALTY CO.

### No. 1428.

Court of Civil Appeals of Texas. Eastland.

April 5, 1935.

Rehearing Denied May 10, 1935.

Stinson, Hair, Brooks & Duke, of Abilene, and Smith & Smith, of Anson, for plaintiff in error.

Scarborough & Ely, of Abilene, for defendant in error.

LESLIE, Justice.

B. F. Sullivan brought this suit against the Maryland Casualty Company for compensation for injuries alleged to have been received in the course of his employment with the Western Compress & Storage Company, who carried compensation insurance with the company first named. In the trial court judgment was rendered for the casualty company on an instructed verdict, and Sullivan prosecutes error to this court.

The contention is made that Sullivan was not injured in the course of his employment. He resided in Abilene, Tex., about six blocks from the compress where he worked. At evening when his labors were finished he returned to his home, and on the mornings went from his home to his work. He selected the course and method by which he went to his work and returned therefrom. Different routes were available to him; one by streets well lighted, and another down an alley, across a vacant lot to the railroad track, and then up an unlighted public street to his work. On the day of his injury he chose the latter route, which he had generally used for years. When in about 150 feet of the compress' premises, and while passing along Plum street in the city of Abilene, he was overtaken by some one—presumably a negro—who assaulted him, evidently for the purpose of robbery. The time was early in the morning, about 5:30, and somewhat before day. At the time of the assault he was in the public street, and, as noted, his employer had nothing whatever to do with the manner and course of his reaching his work. It is undisputed that Sullivan's duties were to be performed upon the premises of the employer. His employment did not require the performance of any duty for the employer upon

the public street on which he was injured. At the time and place of his injury he was subject to no greater hazard or danger than those common to the public traveling the street under such circumstances. His sole purpose in being at the point of injury was simply to reach his employer's premises and his place of labor. Further facts need not be detailed, but, after a careful consideration of the testimony, we are convinced that there are no specific circumstances that would make this case an exception to the rule that the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.) does not apply to a workman injured going to and from his work. It is clear that his injury did not occur in the course of his employment. In support of this conclusion we cite the following authorities which discuss the general rule applicable to this case, as well as the exceptions thereto: Ætna Life Ins. Co. v. Palmer (Tex. Civ. App.) 286 S. W. 283 (writ refused); Petroleum Cas. Co. v. Green (Tex. Civ. App.) 11 S.W.(2d) 388 (writ refused); London Guarantee & Accident Co. v. Thetford (Tex. Com. App.) 292 S. W. 857; Guivarch et al. v. Maryland Cas. Co. (C. C. A.) 37 F.(2d) 268; Boatright v. Georgia Cas. Co. (Tex. Civ. App.) 277 S. W. 802; American Ind. Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949 (writ refused); Royalty Ind. Co. v. Madrigal (Tex. Civ. App.) 14 S.W.(2d) 106; Viney v. Casualty Reciprocal Exchange (Tex. Civ. App.) 82 S.W.(2d) 1088; Banks v. Commercial Standard Ins. Co. (Tex. Civ. App.) 78 S.W.(2d) 660. See, also, Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402.

There is another ground upon which the judgment of the trial court should be affirmed. It is perhaps the primary reason for such disposition of this appeal. After the employee's injuries, he entered into a written agreement compromising and settling the claim with the insurance carrier. The same was presented to the Industrial Accident Board for approval, and in all things approved February 26, 1934. The board pronounced it "just and fair and in accordance with the terms and provisions of the Employers' Liability Act," etc. March 15th following the claimant made application to reopen and set aside the above judgment and approval of the board on the ground of fraud in its procurement.

The board refused to reopen and set aside said order approving the compromise settlement. It justified its ruling upon the authority of Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565. That is an opinion by the Commission of Appeals, approved by the Supreme Court, holding that the Industrial Accident Board has no jurisdiction to set aside a compromise agreement on the ground of fraud, but that such jurisdiction is lodged exclusively in the courts. Giving proper effect to that opinion, and interpreting the instant suit as one to set aside the agreement, etc., as obtained by fraud, we have carefully examined the statement of facts accompanying this record, and we have been unable to find any testimony in support of the allegations of fraud. That in itself warrants the judgment of the trial court.

For the reasons assigned, the judgment is affirmed.