## UNITED STATES FIDELITY & GUARANTY COMPANY V. FRANK FLANAGAN.

No. 7267. Decided February 7, 1940.
(136 S. W., 2d Series, 210.)

*J. Russell Mount,* of Beaumont, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that an employee who is injured after his day's work is done, and is on his way home on the public streets, subject to no greater hazard than those common to the general public, is nevertheless in the course of his employment at the time of the injury and is compensable under the Workmen's Compensation Act. Aetna Indemnity Co. v. Palmer, 286 S. W. 283; Lloyds Casualty Co. v.

Rodriguez, 36 S. W. (2d) 261; Sullivan v. Maryland Casualty Co., 82 S. W. (2d) 1089.

*Renfro & Keen,* of Beaumont, for defendant in error.

An employee who is required to furnish and maintain a bicycle with which to perform his duties and who is given no place to store same at night, is in the course of his employment while riding to his home after working hours and is entitled to compensation for an injury received while so engaged. Federal Underwriters Exchange v. Lehers, 132 Texas 140, 120 S. W. (2d) 791; Maryland Casualty Co. v. Smith, 40 S. W. (2d) 913; Smith v. Texas Emp. Ins. Assn., 129 Texas 573; 105 S. W. (2d) 192.

MR. JUDGE HICKMAN delivered the opinion for the Commission of Appeals, Section A.

■ This is a compensation case. The suit was instituted by Frank Flanagan by next friend, but he became 21 years of age before it was tried and the judgment ran in favor of him in person. The Industrial Accident Board denied him compensation on account of injuries sustained by him and he instituted this suit in the District Court to set aside the order of the Board and to recover compensation for incapacity and for certain hospital bills, doctor's bills and medical expenses. The petition sought recovery to an amount in excess of $1,000.00, but the recovery was for $315.00. The insurance carrier appealed to the Court of Civil Appeals, which court held that the pleadings were defective and on that ground reversed the judgment of the trial court and remanded the cause. 103 S. W. (2d) 446. Both parties accepted that ruling as being correct and no error is assigned thereon. We are, therefore, not authorized to review it.

The controlling question here is whether Flanagan, under his own testimony and the undisputed facts of this record, is entitled to any compensation. The essential facts are few. The Service Drug Company was the employer, Flanagan the employee, and plaintiff in error the insurance carrier. Flanagan sustained personal injuries on the streets of Beaumont while returning to his home after work hours about ten o'clock at night when the bicycle upon which he was riding was struck by an automobile. For a few weeks prior to the accident he had been employed by the Drug Company to deliver parcels in the City of Beaumont. He furnished his own bicycle, kept it in repair and used same as a means of transporting the parcels.

He could not have procured or retained his job without furnishing a bicycle. His home was about 2 1/2 miles from the drug store. After he left the drug store at the close of his day's work at ten o'clock p. m. on the night he was injured he was free to go where he pleased and his employer had no control over his movements. On that night he was going home by the most direct route and was within two blocks of his home when the automobile struck him. He sometimes delivered parcels on his way home, but had none for delivery on that night.

Another fact pointed out, but which we regard as of no significance, is that the drug company did not provide and maintain a place at its store for the storage of Flanagan's bicycle. There is nothing in this record that would suggest that the reason Flanagan was riding his bicycle was that he was compelled to do so because he had no other place to leave it than at his home. He made no request for permission to leave it at the drug store and even if he had done so, we are unable to perceive how that would affect the question of whether his injuries grew out of his employment. This young man was riding home and the question of whether he was then in the course of his employment is not answered by a consideration of the mode of travel employed by him in doing so.

■ We have a typical case of an employee's being injured on a public street while returning home from his work. No rule of the Workman's Compensation Law is more clearly established than that an employee is not to be regarded as being within the scope of his employment while going to and returning from his work over and along the public streets. This case falls within the general rule and not within any exception thereto. London Guarantee & Accident Co. Ltd. v. Thetford, et al, 292 S. W. 857; Smith v. Texas Employer's Ins. Association, 129 Texas 573, 105 S. W. (2d) 192; American Ind. Co. v. Dinkins (error refused) 211 S. W. 949, expressly approved in Lumberman's Reciprocal Association v. Behnken, 112 Texas 103, 246 S. W. 72; Sullivan v. Maryland Casualty Co., 82 S. W. (2d) 1089 (error refused) and the many cases therein cited.

The opinion of the Court of Civil Appeals cites and apparently bases its decision of this question upon Maryland Casualty Co. v. Smith, 40 S. W. (2d) 913. No application for writ of error was filed in that case and it appears to be out of harmony with many decisions by this Court. The Supreme Court of California in Postal Tel. Co. v. Industrial Accident Commission, 37 Pac. (2d) 441, refers to that case as being the only one contrary to the accepted rule there reaffirmed that an em-

ployee is not entitled to compensation under facts analagous to those here involved.

We are cited to a recent opinion by this Court in Federal Underwriters Exchange v. Lehers, 132 Texas 140, 120 S. W. (2d) 791. There is nothing held or written in the opinion in that case which in anywise overrules or restricts the opinion by the same Judge in the case of Smith v. Texas Employers Insurance Association, supra.

The rule herein followed has been the adopted rule of this Court for many years, at least since the decision in the Thetford case, supra. The Legislature has not seen fit so to amend the statutes as to cover risks incident to travel on public highways while going to and returning from work, although it has seen fit to amend it so as to permit recovery for risks not formerly held to come within the purview of the definition of employee. The question must therefore be regarded as settled and no longer an open one in this jurisdiction.

The judgments of the trial court and Court of Civil Appeals are both reversed and judgment here rendered that defendant in error take nothing.

Opinion adopted by the Supreme Court February 7, 1940.