■ In the Matter of the Claim of RUTH MANG, Respondent, v ACTUS AUTOMOBILE DISTRIBUTORS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 7, 1976. The board found: "based on the credible evidence, claimant was required to use his own automobile in order to perform his job; therefore his trip to work became part of his employment. It is, therefore, found that accident arising out of and in the course of employment is established." Issues of fact are for the board and its decision is supported by substantial evidence and it is not erroneous as a matter of law (see *Matter of Lutgen v Conte Elec.*, 50 AD2d 624; *Matter of Shafran v Board of Educ.*, 25 AD2d 336, mot for lv to app den 18 NY2d 579). Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.

■ CONTINENTAL SHOWS, INC., Appellant, v ESSEX COUNTY AGRICULTURAL SOCIETY, INC., Respondent.—Appeal from an order of the Supreme Court at Special Term, entered August 10, 1977 in Clinton County, which denied plaintiff's motion for an order directing specific performance of a contract and granted defendant's cross motion for dismissal of the complaint. Plaintiff, a foreign corporation not authorized to do business in this State, is a supplier of riding devices, shows and concessions at fairgrounds. By contract with the defendant, dated August 17, 1968, it obtained the exclusive right to provide such services at the Essex County Fair for a period of 10 years, thereby continuing a working arrangement that had already existed for some 20 years. However, in December of 1976, defendant informed plaintiff it had engaged another firm to conduct that portion of the August, 1977 Fair. After commencing this action for specific performance and damages, plaintiff moved for summary judgment demanding specific performance and defendant cross-moved to dismiss the complaint upon the grounds of failure to state a cause of action and lack of capacity to sue. Special Term granted the cross motion in all respects and on the additional ground that it did not have jurisdiction of the action. Although the complaint states a viable cause of action, we agree that plaintiff does not possess legal capacity to maintain this action (Business Corporation Law, § 1312, subd [a]). Its complaint and moving papers allege that it has many other business accounts in the Counties of Clinton and Essex, both within this State, and it is plain that plaintiff's activities here are and have been regular and continuous. Thus, the conclusion that plaintiff is "doing business" in this State within the purview of section 1312 of the Business Corporation Law is amply supported by the record (*Sterling Novelty Corp. v Frank & Hirsch Distr. Co.*, 299 NY 208; *Conklin Limestone Co. v Linden*, 22 AD2d 63). However, plaintiff's statutory incapacity does not divest the court of authority to entertain the action (*Hot Roll Mfg. Co. v Cerone Equip. Co.*, 38 AD2d 339), and a further modification is in order to eliminate the reference to a supposed lack of jurisdiction as a basis for dismissing the complaint. Order modified, on the law and the facts, by deleting those portions thereof that dismissed the complaint on the grounds of lack of jurisdiction and failure to state a cause of action, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane and Larkin, JJ., concur; Staley, Jr., J., dissents and votes to affirm.