## 58685. TRAVELERS INSURANCE COMPANY et al. v. PURCELL.

Deen, Chief Judge.

1. In a workers' compensation case the findings of fact of the board, if supported by some evidence, are conclusive and binding upon the superior court. *Lockhart v. Liberty Mutual Ins. Co.,* 141 Ga. App. 476, 482 (233 SE2d 810) (1977).

2. In *Corbin v. Liberty Mut. Ins. Co.,* 117 Ga. App. 823 (162 SE2d 226) (1968), the exceptions are succinctly stated to the general rule that injuries sustained by an employee while going to or returning from work are not compensable. These include: if transportation is furnished by the employer; if, although the employee furnishes the transportation, the employer permits or requires acts beneficial to it to be performed en route; if the accident is between the work area and parking facilities provided by the employer; if the employee is on call and is reimbursed for transportation costs.

3. This employee was killed in a collision while returning home from her job as a Head Start teacher. She furnished her own car, paid her own insurance, was not generally "on call," and was on the day of this accident performing no act beneficial to the employer while en route. The administrative law judge and the full board denied compensation. The superior court judge reversed, holding that the case had been decided on an erroneous legal theory in that "the vehicle is required to be furnished by the employee, insured by the employee and used by the employee from time to time to transport school children, all by virtue of her employment." There is

evidence that teachers were encouraged to visit the parents of children after school and sometimes did so; that there were times when the school bus had left and they called for or returned children home, and that on such occasions transportation was reimbursed to them on an individual trip basis. On the other hand, there was evidence that some employees did not have cars, and no evidence that the car was being used for school purposes on the trip which resulted in this accident. Thus, the most that can be said of the evidence is that it presented an issue of fact which did not demand a conclusion in either direction. That being so, it was beyond the power of the superior court to reverse the award of the full board affirming that of the administrative law judge.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED NOVEMBER 13, 1979.

*Andrew J. Hamilton, John W. Winborne, III, J. F. Peace,* for appellants.
*Wayne F. Carmichael,* for appellee.