Argued and submitted April 10, reversed and remanded with instructions June 24, reconsideration denied September 25, petition for review denied October 20, 1987
(304 Or 279)

In the Matter of the Compensation of
Leonard V. Jenkins, Claimant.
JENKINS,
*Petitioner,*

*v.*

TANDY CORPORATION et al,
*Respondents.*

(WCB 85-07550; CA A40502)

738 P2d 985

Benton Flaxel, North Bend, argued the cause and submitted the brief for petitioner.

Jerald P. Keene, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

---

* Joseph, C. J. *vice* Young, J.

## VAN HOOMISSEN, J.

Claimant seeks review of a Workers' Compensation Board order that affirmed employer's denial of his injury claim. The issue is whether claimant's injury is work-related. ORS 656.005(8)(a); *see Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980). On *de novo* review, ORS 656.298, we reverse.

Claimant worked as a salesman and manager of the computer department of employer's store located in the North Bend Shopping Center.[1] The stores in the shopping center are arranged in an "L" shape and front on a large parking lot owned and maintained by the shopping center operator. The parking lot fronts on a public highway. Customers and employes of the shopping center's tenants use the parking lot. Claimant and his co-workers customarily parked in a certain part of the parking lot, approximately 100 feet from employer's premises. They were not required to park there or in the lot at all. Employer did not designate any particular place for its employes to park, but it did specify that they *not* park in the spaces closest to its store so that those spaces would be available for its customers. The nearest alternative public parking area outside the shopping center was about three blocks away.

Employer required claimant to have his personal car available at work to make calls to the homes and businesses of its customers three or four times a week and to make deliveries to the bank or mail box two or three times a week after work. Claimant was paid a commission on sales and usually worked a 56-hour week, for which he was paid an hourly rate. He did not receive reimbursement from employer for driving to and from work. He was reimbursed for use of his car, however, when he billed employer for the service calls that he made which were a part of his job. He would sign in on a time card when he arrived at work and sign out when he left work at the end of the day.

On November 10, 1985, claimant left work about an hour after closing time intending to go to his car and drive directly home. He had worked late doing some job-related

---

[1] The lease between employer and the shopping center is not in evidence.

paper work and he had signed out on his time card.[2] After locking the front door of employer's store, he proceeded directly toward his car, which was parked in its customary location. He had taken just a few steps from the employer's front door, when he was struck by a car driven by a customer of one of the shopping center's other tenants and was injured.[3]

The referee upheld employer's denial, explaining, in relevant part:

> "The question of whether an injury occurring in a shopping center parking lot, over which the employer has no evidence of control, would be compensable has not been answered in Oregon. Many other jurisdictions have found such claims to be compensable. *See Montgomery Ward v. Cutter,* 64 Or App 759, 669 P2d 1181 (1983).

> "In the instant matter there is no evidence the claimant was required to park in any specific area of the lot. There is no evidence that the employer had any type of control over the lot or responsibility for its maintenance. The claimant had finished work for the day and was on his way home. He did not intend to run any errands for the employer on his way home.

> "The claimant was required to have a car available to him for his use to call on customers, as necessary, for the employer; however, I do not believe this to be a sufficient basis upon which to hold the employer responsible for the injury which occurred after work hours in an area over which the employer had no control."

Claimant argues that his claim is compensable under the unitary work-connection approach to the statutory requirement that, to be compensable, an accidental injury must arise out of and in the course of employment. *See Rogers v. SAIF, supra,* 289 Or at 642-44. Under that test, several factors are to be examined in the light of the facts of the case to see if the injury has a sufficient work relationship. If the injury has sufficient

---

[2] Claimant does not argue that, and we do not decide whether, because he worked overtime on the day he was injured, he came within the "special errand rule" while making his regular trip home. *See* 1 Larson, *Workmen's Compensation Law,* § 16.14 (1985).

[3] When claimant returned to work, he told his supervisor about his injury. A claim was not filed until the following March, because claimant was unaware that the accident might be covered by workers' compensation. Employer did not issue a formal acceptance or denial of the claim, and the case went to hearing on the basis that there had been a *de facto* denial.

work relationship, then it arises out of and in the course of employment and the statute is satisfied.[4]

■      Generally, injuries sustained by employes when going to and coming from their regular places of work are not compensable. *Heide/Parker v. T.C.I. Incorporated,* 264 Or 535, 539, 506 P2d 486 (1973); *Philpott v. State Ind. Acc. Com.,* 234 Or 37, 40, 379 P2d 1010 (1963); *Adamson v. The Dalles Cherry Growers, Inc.,* 54 Or App 52, 56, 633 P2d 1316 (1981). There are exceptions, however, to that general rule. If an employe, as part of his job, is required to bring his own car to work for use during his working day, his trip to and from work is, by that fact alone, embraced within the course of employment. *See Giltner v. Commodore Con. Carriers,* 14 Or App 340, 347, 513 P2d 541 (1973); *Casper v. SAIF,* 13 Or App 464, 471-73, 511 P2d 451 (1973); 1 Larson, *Workmen's Compensation Law,* § 17.50. In *Smith v. Workmen's Comp. App. Bd.,* 69 Cal 2d 814, 73 Cal Rptr 253, 447 P2d 365 (1968), Justice Tobriner explained that the modern trend of the cases sanctions recovery in such situations.

> "Surely in this day of a highly motorized society we cannot cast the going and coming rule as a protective cloak over the shoulders of the employer who, for his own advantage, demands that the employee furnish the car on the job. Smith's obligation reached out beyond the employer's premises, and, in driving his car to and from them, he did no more than fulfill the condition and requirement of his employment." 69 Cal 2d at 825.

■      In this case, employer required claimant to bring his personal car to work and to have it available for use in employer's business during the work-day and to make deliveries after work. Claimant was enroute to his car after finishing his work in the store for the day. He had only walked a few feet from the front of the store when he was injured. We conclude that the injury arose out of and in the course of his employment. *See Giltner v. Commodore Con. Carriers, supra;*

---

[4] The "arising out of and in the course of employment" requirement for compensability, ORS 656.005(8)(a), has been liberally applied "so as to best effectuate the socio-economic purpose of the Worker's Compensation Act: the financial protection of the worker and his/her family from poverty due to injury incurred in production, regardless of fault, as an inherent cost of the product to the consumer." *Rogers v. SAIF, supra,* 289 Or at 643.

*Casper v. SAIF, supra;* 1 Larson, *Workmen's Compensation Law,* § 17.50. Therefore, it is compensable.[5]

Reversed and remanded with instructions to accept claim.

---

[5] Claimant also argues that the shopping center parking lot is an extension of employer's premises. *See Kowcun v. Bybee,* 182 Or 271, 186 P2d 790 (1947); *Montgomery Ward v. Cutter, supra; Rohrs v. SAIF,* 27 Or App 505, 556 P2d 714 (1976). Employer denies that the parking lot is an extension of its premises. It argues that it had no control of the lighting, traffic or other conditions in the parking lot. It also argues that claimant was no longer in the course of his employment when he was injured because he had signed out for the day and was not going to run any errands for employer on his way home that evening. Because we conclude for other reasons that claimant's injury arose out of and in the course of his employment, we need not address his alternative theory of compensability.