Argued and submitted November 21, 1990, affirmed May 1, 1991

In the Matter of the Compensation of
Claude E. Over, Claimant.

### LIBERTY NORTHWEST INSURANCE CORP.
and Lakeside Industries,
*Petitioners,*

*v.*

Claude E. OVER,
*Respondent.*

(88-06603; CA A63863)

810 P2d 876

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

Quintin B. Estell, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Employer seeks review of an order of the Workers' Compensation Board that reversed the referee and allowed claimant's injury claim. We affirm.

The Board made findings of fact:

> "Claimant is a heavy equipment operator for the employer, a paving company. The job requires claimant to work on various construction projects. He travels from his home to each day's project by his private automobile. Claimant carries special tools and safety equipment used on the job in his automobile. Approximately one to two times per week, the crew, including claimant, must leave one job site and travel to a different job site. *The employer does not provide transportation between job sites.* Claimant travels between job sites in his private automobile. The other crew members do the same. The employer pays claimant mileage for travel between job sites. On February 22, 1988, claimant left home in his private automobile to travel to a job site in Tigard. He was involved in a motor vehicle [accident] and was injured." (Emphasis supplied.)

The Board also found as an "ultimate fact" that "the employer implicitly required claimant to supply his automobile as transportation between job sites." It concluded that claimant suffered the injury in the course of his employment.

■ Employer assigns as error the Board's finding that employer does not provide transportation between job sites. It urges that that finding is not supported by substantial evidence. There is evidence, however, that crew members drove directly from home to work sites to perform their work; that, depending on the size of the project, employees may not have known before leaving home in the morning whether they would change work sites during the day; that at least once each week they would finish work at one site before the workday was over and would be required to move to another site; that the only vehicle of employer that could have transported workers between sites was a pickup truck that could not carry a full crew of at least five; that workers used their own cars to travel between work sites; and that employer reimbursed employees for mileage when they used their own cars to travel between work sites. There was no evidence that the employer's pickup truck was ever used to transport

workers between work sites. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, permits a reasonable person to make that finding. ORS 183.482(8)(c); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990). There is substantial evidence to support the Board's finding that employer does not provide transportation between work sites.

██ Employer also assigns as error that the Board found that claimant's injuries are compensable. Generally, under the "going and coming" rule, injuries sustained while traveling to and from work are not compensable. *See SAIF v. Reel,* 303 Or 210, 216, 735 P2d 364 (1987); *Gwin v. Liberty Northwest Ins. Corp.*, 105 Or App 171, 173, 803 P2d 1228 (1991). If an employer, however, requires an employee, as part of his job, to bring his own car to work for use during the workday, his trip to and from work is, by that fact alone, within the course of his employment. In *Jenkins v. Tandy Corp.,* 86 Or App 133, 738 P2d 985, *rev den* 304 Or 279 (1987), the employer required the claimant to have his personal car available at work to make calls to the homes and business places of its customers and to make deliveries, and the employer reimbursed him for use of his car. It did not reimburse him for driving his car to and from work. He was injured as he went from the workplace to his car to drive home at the end of the day. We quoted from *Smith v. Workmen's Comp. App. Bd.,* 69 Cal 2d 814, 824, 73 Cal Rptr 253, 447 P2d 365 (1968):

> "[I]n this day of a highly motorized society we cannot cast the going and coming rule as a protective cloak over the shoulders of the employer who, for his own advantage, demands that the employee furnish the car on the job." 86 Or App at 137.

Here, the Board found that employer required claimant to bring his own car to work for transportation between job sites during the workday.[1] Substantial evidence supports

---

[1] In its order, the Board said:

"It is true that the employer did not specifically order claimant to bring his own car. Nevertheless, the requirement was implicit in the way the job was arranged. The unrebutted evidence is that the crew had to move between job sites during the work day approximately one or two times per week. Furthermore, the employer's representative admitted that the employer did not provide sufficient transportation to move all crew members between sites. The fact that

that finding. The Board did not err when it concluded that claimant was injured within the course of his employment and that his injury is compensable.

Affirmed.

---

the employer reimbursed claimant for mileage and did not provide alternative transportation, indicates that the employer expected claimant to provide transportation between job sites. We conclude that these facts are sufficient to establish an implicit requirement that claimant provide a vehicle for transportation between job sites during the work day. Consequently, we conclude that claimant's injury was within the course and scope of his employment."