Marty GILBERT, Relator,

v.

STAR TRIBUNE/COWLES MEDIA and American Motorist Insurance Group/Kemper Insurance Group, Respondents,

and

Allstate Insurance Company, Intervenor, Respondent.

No. C5–91–2046.

Supreme Court of Minnesota.

Feb. 21, 1992.

Rehearing Denied April 2, 1992.

Michael B. Bloom, Gordon–Miller–O'Brien, Minneapolis, for Marty Gilbert.

Adam Wolkoff, Janet Monson, Gilmore, Aafedt, Forde Anderson & Gray, Minneapolis, for Star Tribune, et al.

Angela Shackleford, Bloomington, for Allstate Ins. Co.

Considered and decided by the court en banc without oral argument.

WAHL, Justice.

This workers' compensation matter is before us by certiorari upon the relation of Marty Gilbert, employee, to review a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's determination that the employee's motor vehicle accident on September 17, 1989, did not arise out of and in the course of his employment with the Star Tribune/Cowles Media.[1] Concluding that the employee's accident arose out of and in the course of employment where the employee was required to bring his own vehicle for use in the performance of his job duties, we reverse.

In 1978, Marty Gilbert started working for the Star Tribune as a route delivery driver or carrier. As a route carrier, the employee was expected to assemble the employer's newspapers at a paper depot and deliver the newspapers to a safe, dry place along a designated route. The employee was also required to work "early mornings" and furnish a reliable motor ve-

1. The employer/insurer-respondents contend the writ of certiorari must be discharged because it was untimely served upon them. While the statutory requirements for effecting review are jurisdictional, service upon the parties by rule is not. Absent prejudice, we deny the request to discharge the writ of certiorari.

hicle. As did other carriers, the employee kept the delivery lists, rubber binders and plastic bags needed for binding and protecting the papers in his vehicle. Route carriers earnings were based on the number of papers delivered, the price of gasoline and the mileage attributed to a particular route. Carriers were not compensated for travel from home to the paper depot or travel from the last customer delivery home.

Early Sunday morning, September 17, 1989, the employee was involved in a motor vehicle accident while traveling in his own pickup truck from his home to the employer's paper depot to pick up the newspapers for his assigned routes.[2] He was taken by ambulance to North Memorial Hospital where he incurred substantial medical charges. In late January 1990, after 19.6 weeks of total disability, the employee returned to his job of delivering newspapers.

A compensation judge from the Office of Administrative Hearings determined the employee's accident did not arise out of and in the course of employment because the employee was commuting to work at the time it occurred; and on appeal, the Workers' Compensation Court of Appeals affirmed.

■ The issue before us, is whether the September 1989 accident involving employee's own vehicle which he was required to furnish and occurring while employee was on his way to work arose out of and in the course of employment.

■ Generally, injuries sustained by employees while regularly commuting to and from work are not compensable. *Swanson by Swanson v. Fairway Foods,* 439 N.W.2d 722, 724 (Minn.1989); *Kahn v. State,* 289 N.W.2d 737, 742 (Minn.1980). The rule excluding off-premises injuries occurring during the trip to and from work

does not apply, however, to those situations in which the employee, as part of the job, is required to bring his or her own vehicle for use during the working day. That fact alone will bring the trip to and from work within the course of employment. *Borak v. H.E. Westerman Lumber Co.,* 239 Minn. 327, 58 N.W.2d 567 (1953), cited in 1 Larson, *The Law of Workmen's Compensation,* § 17.50 n. 40, 41 (1991); *Ricke v. Park Const. Co.,* 40 Minn.Workers' Comp. Dec. 749, *aff'd without opinion,* 419 N.W.2d 75 (Minn.1988).

According to Professor Larson, the theory behind this rule is related in part to the concept that the:

> obligations of the job reach out beyond the premises, make the vehicle a mandatory part of the employment environment, and compel the employee to submit to the hazards associated with private motor travel, which otherwise he would have the option of avoiding. But in addition there is at work the factor of making the journey part of the job, since it is a service to the employer to convey to the premises a major piece of equipment devoted to the employer's purposes.

1 Larson, *supra,* at 4–249.

In the matter currently before us, where the employee was required to bring his own vehicle to work for use in the performance of his job duties, his accident arose out of and in the course of employment.

Reversed.

Employee is awarded $400 in attorney fees.

---

**2.** On the date of the accident, the employee was scheduled to deliver 350 newspapers along two routes.