617 A.2d 572

**ALITALIA LINEE AEREE ITALIANE et al.**

v.

**John Burton TORNILLO.**

**No. 58, Sept. Term, 1992.**

Court of Appeals of Maryland.

Jan. 11, 1993.

John S. Hashim, Jr. (Herbert Burgunder, Jr. and Horn & Bennett, P.A., all on brief), Baltimore, for petitioner.

Luiz R.S. Simmons, on brief, Silver Spring, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, and ROBERT M. BELL, JJ.

MURPHY, Chief Judge.

We granted certiorari to decide whether an injury sustained by an outside sales representative while driving home from the office arose "out of and in the course of employment" under the Workers' Compensation Act when the injured employee was required by his employer to have the car for use on the job during the work day.

## I

The facts of this case are few, simple, and undisputed. Since 1959, John Tornillo had worked as a passenger sales representative for the Italian air carrier, Alitalia Linee Aeree Italiane (Alitalia).[1] Tornillo sold tours and travel packages to travel agencies in the Maryland–Virginia region. He chiefly visited existing clients, and distributed travel brochures and promotional materials in order to attract new customers. He also serviced his accounts by telephone from the company's office in Washington, D.C., attended a weekly sales meeting there, and ran occasional errands for his employer. He sometimes made sales calls en route either to or from his home in Rockville, Maryland.

In June 1983, Tornillo bought a new Toyota Celica sedan. In keeping with a company policy regarding its sales force, Alitalia made a $7000 interest-free loan to Tornillo to assist him to purchase the vehicle. As part of the loan transaction, Alitalia approved Tornillo's choice of car make and model since it wished to assure itself that the car was economical in terms of gasoline consumption. Alitalia required Tornillo to have the car for his job, and to bring it with him to work for use during the day. The company reimbursed him with a travel allowance for his business mileage. The allowance did not extend, however, to cover travel from home to the office for the weekly sales meeting.

On Monday, January 13, 1986, Tornillo drove to the office. There he attended the regular sales meeting, did paperwork, serviced accounts by telephone, and assembled packets of travel information for the week's pending outside sales calls; he put these packets in the Toyota. Driving home that evening, Tornillo's car was involved in an accident which caused him serious bodily injuries.

Tornillo filed a claim with the State Workers' Compensation Commission on November 22, 1986, and was awarded

---

1. Alitalia's co-Petitioner is its insurer, the Graphic Arts Mutual Insurance Company. Subsequent reference to Alitalia includes both Petitioners as appropriate.

temporary total disability benefits. Alitalia appealed on procedural grounds, and was eventually granted a new hearing. *See Alitalia v. Tornillo,* 320 Md. 192, 577 A.2d 34 (1990). At a nonjury trial on April 19, 1991, the Circuit Court for Montgomery County (Cave, J.) upheld the award of compensation. The trial court found that because Alitalia required him to have the car for use at work as a condition of employment, Tornillo's injury sustained during the commute to his home fell within the scope of such employment, and was thus compensable. It said that the employer exposed Tornillo

> "to a danger that is not the same as [for] all other persons, because they required him, as a condition of employment, to have a car....
>
> "... [T]he testimony is clear that he needed his car also, not just during the day, but he may have to leave and ... go to places on his way in to work, in to the actual office, and he may have to go to places after he left the office, driving the car, and then go home.
>
> ....
>
> "So, the logical application is, yes, he is exposed to a different danger because of the requirement that he bring his car back and forth to work. Whereas somebody who does not have that as a requirement has the option of taking the Metro, car-pooling, or whatever form of transportation that might be available to them aside from bringing their car in."

The Court of Special Appeals, Judge Alpert speaking for the court, affirmed the judgment. *Alitalia v. Tornillo,* 91 Md.App. 191, 603 A.2d 1335 (1992). We agree with that disposition and shall, for reasons hereafter stated, affirm the judgment of the intermediate appellate court.

## II

The Maryland Workers' Compensation Act provides benefits to persons who suffer "accidental injury that arises out of and in the course of employment." Maryland Code (1991 Repl.Vol.) § 9–101(b)(1) of the Labor and Employment

Article. It is well settled as a general proposition that injuries incurred by an employee while going to or returning from the workplace ordinarily do not arise out of and in the course of employment, and are therefore not compensable under the Act. *Wiley Mfg. Co. v. Wilson*, 280 Md. 200, 206, 373 A.2d 613 (1977); *Saylor v. Black & Decker Mfg. Co.*, 258 Md. 605, 607–608, 267 A.2d 81 (1970); *Harrison v. Central Con. Co.*, 135 Md. 170, 177, 108 A. 874 (1919). This bar to benefits constitutes the so-called "going and coming rule."

Onto this general rule, however, the courts have engrafted several exceptions when compensation benefits may properly be granted. Thus, where the employer furnishes the employee free transportation to and from work, the employee is deemed to be on duty, and an injury sustained by the employee during such transportation arises out of and in the course of employment. *Tavel v. Bechtel Corporation*, 242 Md. 299, 304, 219 A.2d 43 (1966); *Rumple v. Henry H. Meyer Co., Inc.*, 208 Md. 350, 357, 118 A.2d 486 (1955). Compensation may also be properly awarded where the employee is injured while traveling along or across a public road between two portions of the employer's premises. *Wiley Mfg., supra*, 280 Md. at 206, 373 A.2d 613; *Procter–Silex v. DeBrick*, 253 Md. 477, 482, 252 A.2d 800 (1969). The "proximity" exception allows compensation for an injury sustained off-premises, but while the employee is exposed to a peculiar or abnormal degree to a danger which is annexed as a risk incident to the employment. *Pariser Bakery v. Koontz*, 239 Md. 586, 591, 212 A.2d 324 (1965); *see Md. Paper Products Co. v. Judson*, 215 Md. 577, 584–588, 139 A.2d 219 (1958). Injuries incurred while the employee travels to or from work in performing a special mission or errand for the employer are likewise compensable. *Reisinger–Siehler Co. v. Perry*, 165 Md. 191, 199, 167 A. 51 (1933); *see Dir. of Finance v. Alford*, 270 Md. 355, 359–364, 311 A.2d 412 (1973).

The basis for Tornillo's compensation award rested on another exception to the going and coming rule, not hereto-

fore specifically recognized by this Court, applied in cases where employees are obliged to provide their own vehicles for work.[2] As to this, Alitalia maintains that Tornillo's accident on the way from his workplace to his home was not compensable simply because the employee made available an automobile devoted, in part, to the employer's purposes. It contends that the mere potentiality that Tornillo might use the car for business purposes should not render an accident on a routine journey to or from work compensable. Instead, Alitalia argues, the focus should be whether Tornillo was engaged in a business task at the time of the accident itself. As Tornillo was not making a sales call on his way home from the office when injured, Alitalia insists that the trip fell squarely within the going and coming rule that bars compensation. Alitalia further points out that the employee, rather than the employer, essentially controlled the method and purpose of his journey home.

We think that Alitalia's requirement that Tornillo, as a condition of his job, have the car available during the work day, placed his drive home from the office within the scope of his employment. His underlying obligation to have the car, to bring it to the office, and to have it ready for sales calls or company errands naturally carried with it the practical necessity of commuting between home and work. Nothing in the record in this case suggests the employer required that Tornillo travel to the office by some other means, use the Toyota for sales calls and errands, park the car at the workplace at the end of the day, and return home by other means. His employment as an outside sales representative, who was required by Alitalia to own and use

---

**2.** The Court first recognized in *Weston–Dodson Co. v. Carl,* 156 Md. 535, 539, 144 A. 708 (1929), that the dangers of traffic accidents to salesmen in the performance of their duties on the streets constitute hazards of employment, injuries from which are compensable. And there is a *dictum* suggesting that an outside salesman struck from behind while driving home was, at the time of the collision, still in the course of his employment. *See Ackerhalt v. Hanline Brothers,* 253 Md. 13, 24, 252 A.2d 1 (1969).

the Toyota for business purposes, encompassed his drive from home to work and back again.

Each case involving the going and coming rule and its exceptions must turn on its own particular facts. *Wiley Mfg., supra,* 280 Md. at 216, 373 A.2d 613; *Saylor, supra,* 258 Md. at 610, 267 A.2d 81. The facts and circumstances in the instant case support the conclusion that Tornillo's commute home, during which he was injured, may be justly deemed to be employment-related. As earlier observed, Alitalia required that Tornillo have the car for the employer's own benefit. He used it to call upon clients and sell Alitalia's travel packages and tours to them, to deliver promotional materials, and to perform company errands such as greeting business visitors at the airport; all of these activities redounded to the company's benefit. Alitalia approved the salesman's choice of car and helped pay for it, additional evidence that Alitalia believed that the required car furthered its own interests. Tornillo used the car throughout the business day. He sometimes made sales calls on his way to work in the morning, or on his way home at the end of the day, a circumstance that eroded the usual distinction between working and commuting. He was injured while driving directly home on the evening in question; he did not stop or deviate from his usual route for personal reasons.

Our holding comports with ample authority recognizing this departure from the going and coming rule. Professor Larson in his treatise on workers' compensation law writes:

"If the employee as part of his job is required to bring with him his own car, truck or motorcycle for use during his working day, the trip to and from work is by that fact alone embraced within the course of employment.

"The theory behind this rule is in part related to that of the employer-conveyance cases: the obligations of the job reach out beyond the premises, make the vehicle a mandatory part of the employment environment, and compel the employee to submit to the hazards associated with private motor travel, which otherwise he would have the option

of avoiding. But in addition there is at work the factor of making the journey part of the job, since it is a service to the employer to convey to the premises a major piece of equipment devoted to the employer's purposes."

1 Arthur Larson, *The Law of Workmen's Compensation* §§ 17.51–17.52 (1992) (footnote omitted). To this we add the observations of Justice Tobriner, writing for the Supreme Court of California in a case similar to the instant dispute, *Smith v. Workmen's Compensation Appeals Board*, 69 Cal.2d 814, 73 Cal.Rptr. 253, 447 P.2d 365, 369 (1968):

"[T]he employer clearly benefited from Smith's bringing the car to work. Indeed, an employer must be conclusively presumed to benefit from employee action reasonably directed towards the execution of the employer's orders or requirements. An employer cannot request or accept the benefit of an employee's services and concomitantly contend that he is not performing service growing out of and incidental to his employment."

All of these rationales apply precisely to the present case. Tornillo's obligation to provide and use the car for work increased his exposure to the risks of traffic accidents; he did not enjoy the option of a safer commute by public transportation. His commute conveyed the car, an outside salesman's essential equipment, to the workplace in order to serve the employer's needs once the business day had begun. And Alitalia benefited directly from the car's immediate availability to Tornillo, as discussed above. Finally, we observe that the requirement that an employee furnish his own transport is analogous to the situation in which the employer provides an employee with transport to and from work, for which an exception to the going and coming rule already exists.

The majority of state appellate courts have upheld awards of workers' compensation benefits to employees required to furnish their own vehicles for work and who are injured while driving to or from the job. *See Smith, supra; Whale Communications v. Death of Osborn*, 759 P.2d 848

(Colo.App.1988); *Pittsburgh Testing Laboratories v. Kiel,* 130 Ind.App. 598, 167 N.E.2d 604 (1960); *Medical Assoc. Clinic v. First Nat. Bank,* 440 N.W.2d 374 (Iowa 1989); *Willis v. Cloud,* 151 So.2d 379 (La.Ct.App.1963), *aff'd mem.,* 244 La. 623, 153 So.2d 415 (1963); *Gilbert v. Star Tribune/Cowles Media,* 480 N.W.2d 114 (Minn.1992); *Mang v. Actus Auto. Distributors, Inc.,* 62 A.D.2d 1103, 404 N.Y.S.2d 409 (1978); *Liberty Northwest Ins. Corp. v. Over,* 107 Or.App. 30, 810 P.2d 876 (1991).

Most of the cases upon which Alitalia relies are readily distinguished from the one now before us. In some, there was no record demonstrating that the injured employees were expressly required to supply their own vehicles. *See In re Gwaltney's Case,* 355 Mass. 333, 244 N.E.2d 314 (1969); *Chernick's Case,* 286 Mass. 168, 189 N.E. 800 (1934); *Travelers Ins. Co. v. Purcell,* 152 Ga.App. 279, 262 S.E.2d 566 (1979); *Franklin v. Wilson County Bd. of Ed.,* 29 N.C.App. 491, 224 S.E.2d 657 (1976). In others, the issue was decided in light of statutory provisions limiting application of the exceptions to the going and coming rule. *See Zelasko v. Refrigerated Food Exp.,* 128 N.J. 329, 608 A.2d 231, 234 (1992) (legislative intent to curtail sharply workers' compensation for off-premises accidents); *City of Dallas v. Bradford,* 646 S.W.2d 302 (Tex.App.1983). One earlier Texas case, *United States Fidelity & Guaranty Co. v. Flanagan,* 134 Tex. 374, 136 S.W.2d 210 (1940), denied compensation to a delivery boy injured while riding home on his bicycle required for his work. We think *Flanagan* reflects the view of half a century ago that is clearly at odds with the modern trend.

### III

By statutory command and by case law, the Maryland Workers' Compensation Act is to be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes as remedial social legislation. § 9–102 of the Labor and Employment Article; *Lovellette v. City of Baltimore,* 297 Md. 271, 282,

465 A.2d 1141 (1983); *Beth.–Sp. Pt. Shipy'd v. Hempfield,* 206 Md. 589, 594, 112 A.2d 488 (1955). In that spirit, we conclude that Tornillo's injuries, incurred while driving home from work in a car required by Alitalia, approved by Alitalia, partially financed by Alitalia, and used in furtherance of Alitalia's corporate aims, arose out of and in the course of his employment. He was, therefore, properly awarded workers' compensatory benefits under the Act.

JUDGMENT AFFIRMED, WITH COSTS.

Dissenting opinion by McAULIFFE, J., in which CHASANOW, J., joins.

McAULIFFE, Judge, dissenting.

On 13 January 1986, at about 6 p.m. John Tornillo completed his work for Alitalia at his Washington, D.C. office, and left for his home in Rockville, Maryland. On Interstate Route 270 in Maryland, Tornillo lost consciousness, his car overturned, and he was severely injured.

Tornillo's work for Alitalia on that day took place entirely within the Washington, D.C. office. He made no customer calls on the way to work or in returning home, nor did he intend to make any such calls. Tornillo concedes that he was not entitled to compensation or cost reimbursement for his travel to and from the office on that day. In short, Tornillo was "coming from" work when the accident occurred—he was not working. Under these circumstances, he should not be awarded workers' compensation benefits— benefits intended for employees who suffer accidental injuries arising out of and in the course of their employment.

As the Court's opinion acknowledges, the general rule is that employees are not entitled to workers' compensation benefits for accidents occurring when they are going to or coming from work. This Court has recognized an exception to this rule when the transportation to work is by means of a conveyance provided by the employer—an exception that I believe stretches the legitimate aim of workers' compensation, but which may be justified by the employer's control of

the conveyance. We have also recognized a further exception to the general rule, which treats the employee as being within the course of his employment when going to and coming from work if the employer reimburses the employee for those transportation expenses, even though the employee is "not working" while traveling, and is driving his own vehicle. This is an exception of dubious validity, but has been so long and so widely accepted that I would not dissent from the affirmance of an award based upon it. I would, however, treat that questionable doctrine as the high-water mark of exceptions to the perfectly sound rule that an employee is not in the course of his or her employment when going to or coming from the ordinary workplace and is not on the employer's premises.

I cannot accept the further exception approved today, which holds that any person who is required by the conditions of his employment to have a vehicle at the workplace is in the course of employment when driving to or from work. Workers' compensation benefits were intended for employees who were injured while working. Tornillo was not working, and he was not at work. His work day had ended and he was not on any mission for his employer. Workers' compensation insurance premiums constitute a significant cost of doing business today, and this Court should not aggravate that expense by stretching good social legislation beyond its intended and logical bounds.

Moreover, I fear the majority's position places us on a slippery slope of "required transportation" litigation. Will we limit this exception only to those employees who can demonstrate explicit requirements for transportation as a condition of employment, or does the new exception logically require coverage of any employee whose work necessarily requires access to immediate means of personal transportation? And, what of the employees required to work in an office or plant not served by public transportation; will the implicit requirement of personal transportation suffice to provide them with portal to portal coverage?

I would halt the expansion of exceptions to this rule at the present generous posture and reverse the allowance of benefits in this case.

Judge CHASANOW has authorized me to state that he joins in this dissenting opinion.