## SALOMON *v.* STATE OF MARYLAND, SPRINGFIELD STATE HOSPITAL, ET AL.

[No. 239, September Term, 1967.]

---

*Decided May 29, 1968.*

*Motion for rehearing filed June 27, 1968; denied June 28, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS and FINAN, JJ.

*Harold Buchman,* with whom was *Morton Guth* on the brief, for appellant.

*Charles R. Goldsborough, Jr., Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *J. Howard Holzer, Special Attorney,* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This case involves a claim for workmen's compensation for injuries sustained by the appellant, Eva Salomon, as a result of an accident which occurred on December 7, 1963, at the intersection of Maryland Route No. 32 and an access road of Springfield State Hospital. The appellant filed her claim with the Workmen's Compensation Commission and a hearing was held in Westminster on September 15, 1965, resulting in the issuance of an order dated October 27, 1965, disallowing the claim. From this order of the Commission Mrs. Salomon appealed to the Circuit Court for Carroll County where Judge Weant, sitting without a jury, affirmed the order of the Commission saying that "the injury complained of did not arise out of and in the course of the Claimant's employment."

The facts surrounding the happening of the accident are not in dispute and are as follows. The claimant, Mrs. Salomon, was superintendent of the social services department of the Springfield State Hospital, where she had charge of approximately thirty employees. Her job required her to go on field trips outside the hospital grounds and on these trips she might use a State car or her own car, and in the latter case she was compensated at the rate of ten cents per mile. Her transportation to and from work was not furnished nor paid for by her employer.

The section of Route 32 where the accident occurred had been under construction for a considerable period prior to the time the accident occurred. This particular section was part of a by-pass around the town of Sykesville and runs through the grounds of Springfield State Hospital. It crosses the access road of the hospital between the south gate and that part of the hospital complex where the appellant's office is situated.

Mrs. Salomon had crossed the new highway almost daily since the construction had been in progress and testified that she had occasionally been stopped by flagmen so that construction equipment could proceed, but that the access road had never been closed to hospital traffic and hospital employees had never been instructed to use another entrance.

The records of the State Roads Commission, admitted into evidence, revealed that the by-pass was opened to traffic at 3:30 p.m. on Thursday, December 5, 1963. There was no public announcement of the road opening but prior to this time all traffic control signals, including stop signs, had been put in place at the intersection.

On December 6, 1963, Mrs. Salomon drove to work as usual from her home in Sykesville, about two miles distant from the hospital. At about noon she left the hospital and went to Baltimore where she took a train to Philadelphia to attend a conference as part of her employment. She returned to Baltimore late that evening and drove from the station, where she had parked her car, to her home, arriving at about 9:00 or 10:00 p.m. On the following morning, Saturday, December 7, Mrs. Salomon left her home to go to the hospital where she had an appointment with some students. She entered by the south gate, as was her custom, and started to cross the new portion of Maryland Route 32. At about the center of the intersection of the hospital access road and Route 32 she was struck by an automobile traveling along the newly opened highway. There was no evidence that the other driver was in any way negligent in the operation of his vehicle. Mrs. Salomon stated that she did not know that the new highway had been opened.

Code (1957), Article 101, Section 15 (the Act) provides in pertinent part:

> "Every employer subject to the provisions of this article, shall pay or provide * * * compensation * * * for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment * * *."

The appellant first urges that since she had not returned to

the hospital from her trip to Philadelphia she was covered under the Act and also claims that she was covered since she received mileage for the use of her car in driving the two miles between her home and the hospital. The fact is, however, that the claimant had not simply deviated from her journey by going home but had terminated the trip. According to the testimony the claimant lived within two miles of the hospital. On her return from Baltimore she simply elected, because of the late hour, to stop at her home instead of returning to the hospital although this would have been easy to do, and at this time the business trip ended.

The fact that she was compensated for the two miles between her home and the hospital does not control in showing that her journey was not complete until she finally reached the hospital. Mrs. Salomon herself testified that it was unnecessary to take an actual odometer reading to check the distance from the hospital to Baltimore since she had traveled the route so often that she knew the exact mileage. As evidence of this it was her custom to make out a statement for her expense account the day she left whether she returned on that day or not. We conclude that the business trip to Philadelphia had terminated and that on the morning of the accident she was simply going to her place of employment. It is therefore evident that her receipt of compensation for the full distance from the hospital to Baltimore and back to the hospital was for the purpose of compensating her for the purposes of that trip and not to pay her mileage in going to and coming from her work. Thus, as she was not paid mileage for going to and coming home from work she was not covered by the Act.

The appellant also asserts that she was covered under the special hazard or proximity exception to the going and coming rule because of the unannounced opening of Route 32 which she had to cross in traveling her accustomed route to her place of employment. We have held in the past that traveling upon and crossing busy streets and highways, while it does entail some degree of danger, does not subject an employee traveling to and from work, to a greater degree of danger than he would be exposed to as a member of the general public. *Tavel v. Bechtel Corporation,* 242 Md. 299, 219 A. 2d 43; *Pariser*

*Bakery v. Koontz,* 239 Md. 586, 212 A. 2d 324; *Md. Paper Products Co. v. Judson,* 215 Md. 577, 139 A. 2d 219. Actually Mrs. Salomon crossed this very intersection through all stages of construction when heavy equipment was on the State Roads Commission right-of-way and indeed, admits that she crossed the highway on at least one occasion after it was opened before the day of the accident. There was nothing here to show a special hazard such as would bring the appellant under the proximity exception as she contends.

The final contention of the appellant is that she had actually entered the hospital grounds and was therefore covered under the "on the premises" exception to the going and coming rule. While we recognize that ordinarily an employce who has arrived on his employer's premises as usual, in preparation for beginning his day's work, is considered to be on the premises and therefore covered by workmen's compensation even though his actual employment has not begun, we also recognize that "premises" does not necessarily include all property owned by an employer. *Dept. of Correction v. Harris,* 232 Md. 180, 186, 192 A. 2d 479; *E. I. DuPont de Nemours Co. v. Hall,* 237 F. 2d 145; *Bennett v. Vanderbilt University,* 277 S. W. 2d 386. In the *Harris* case the claimant, a prison inmate who was employed in the prison as a sewing machine operator, was injured while on his way to the infirmary on a personal mission unrelated to his duties in the sewing shop. After recognizing the broad rule that injuries occurring on the premises of an employer are compensable, this Court went on to say: "On the other hand, where this test would be unrealistic or unreasonable under the circumstances, it has been held that only the particular area or department in which the employee worked regularly was the premises of the employer for the purposes of the rule." (Citing cases.)

In the instant case, although the claimant had entered the south gate of the hospital, she had not reached that part of the hospital grounds where her duties of employment were carried on. Mrs. Salomon was employed in a supervisory capacity as head of the social service department. The record before us indicates that none of her duties was expected to be performed in the area where she was injured.

For the reasons above stated, we hold that the claimant's injury did not arise out of and in the course of her employment, and consequently the judgment of the trial court disallowing her claim for workmen's compensation will be affirmed.

*Judgment affirmed, with costs.*