## SAYLOR *v.* BLACK AND DECKER MANUFAC-
## TURING COMPANY, ET AL.

[No. 411, September Term, 1969.]

*Decided July 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SMITH and DIGGES, JJ.

*Herbert J. Arnold,* with whom were *Arnold, Beauchemin & Dilli* and *Luke K. Burns, Jr.,* on the brief, for appellant.

*M. Samuel Vetri* and *H. George Meredith, Jr.,* for appellees.

DIGGES, J., delivered the opinion of the Court.

This case involves denial of a workmen's compensation claim by an employee who was injured on his way to work. The Workmen's Compensation Commission determined that because the injury occurred on a parking lot access road it was not an accident arising out of and in the course of his employment. The Circuit Court for Carroll County (Weant, J.) affirmed this ruling on the

ground that because the employee had not yet reached the parking lot he had not arrived at the work "premises."

On July 18, 1968 the appellant James D. Saylor was being driven to work by a co-worker, Russell Groomes, one half hour before their 4:00 p.m. shift began at the Black and Decker Manufacturing Company in Hampstead, Maryland. They entered the 374 acre fenced plant complex through its only entrance gate, just off Hanover Pike. Once they did this they were on a thirteen acre parking lot provided and maintained by the employer. The lot was designed to accommodate the 3800 employees who worked in varying shifts in the company building immediately adjoining it. An internal access road within this large lot divided it into north and south sections and circumscribed each. Apparently no reserved spaces were permitted in this lot and parking was on a first come—first serve basis. Groomes and Saylor were going to an area of the south parking lot which made it necessary to traverse the entire width of the lot from the front gate to the opposite side and then turn left twice. Guards directed the parking of cars within each area, but they were not on the road. Groomes had made his first left turn and was proceeding along the road on the periphery of the south area. While near the end of the road but still a short distance from where the parking guards were directing traffic, Groomes jammed on his brakes to avoid hitting a large stone in the middle of the access road. Saylor, who had been leaning over the back seat to close the rear window, was thrown forward and injured as he fell against the instrument panel.

The happening of the accident and its location are undisputed, and the parties have stipulated that the only question is whether the appellant's injury arose out of and occurred in the course of employment. Code (1957, 1964 Repl. Vol.), Art. 101, § 15. To answer this question we are faced with the application of the "Going and Coming" rule and its exception, the "Premises" rule, which, stated together as a question, mean: Was the employee injured on his way to work, or after he had arrived on

the premises? In *Pariser Bakery v. Koontz,* 239 Md. 586, 590, 212 A. 2d 324 (1965) Judge C. Marbury for the Court stated:

> "It has been held consistently by this Court that employees who suffer injuries in going to and returning from their places of work are excluded from the benefits of the Workmen's Compensation Act. *Police Comm'r v. King,* 219 Md. 127, 148 A. 2d 562; *Rumple v. Henry H. Meyer Co., Inc.,* 208 Md. 350, 118 A. 2d 486; *Reisinger-Siehler Co. v. Perry,* 165 Md. 191, 167 Atl. 51."

But Judge Marbury later speaking for the Court supplemented this by pointing out in *Salomon v. Springfield Hospital,* 250 Md. 150, 242 A. 2d 126 (1968):

> ". . . we recognize that ordinarily an employee who has arrived on his employer's premises as usual, in preparation for beginning his day's work, is considered to be on the premises and therefore covered by workmen's compensation even though his actual employment has not begun . . . ."

The "on the premises" exception to the going and coming rule is echoed in Section 67 (3) of Article 101, Code (1957, 1964 Repl. Vol. and 1969 Cum. Supp.) which defines "employee" as "a person who is engaged in an extra-hazardous employment in the service of an employer, carrying on or conducting the same *upon the premises or at a plant,* or in the course of his employment away from the plant of his employer . . ." (emphasis supplied). While this statutory language does not necessarily enunciate the fine distinctions implicit in the going and coming rule, it does point to a relationship which we have recognized between the work plant and the premises around the plant.[1]

---

1. Wis. Stat. (1961) § 102.03 (1) (c) (1) makes finer distinctions in this regard. It provides: "Every employee going to and from his employment in the ordinary and usual way, while on the

In *Proctor-Silex v. DeBrick,* 253 Md. 477, 252 A. 2d 800 (1969) Judge Smith for this Court exhaustively reviewed the Maryland cases and a number of leading cases from other jurisdictions involving the premises rule. A repetition of this analysis is not necessary here. The principle emerging from that case is that there must be a work association between the part of the employer's property where the employee was injured and the area in which he worked. The *Proctor-Silex* case recognized and applied a rule of thumb which allows compensation for injuries occurring on parking lots provided for the use of the employees, a rule followed by many other jurisdictions. 253 Md. at 482-83, citing 1 Larson, *Workmen's Compensation Law,* § 15.14 (1968). The trial judge was therefore correct in observing that this Court has extended employer liability at least as far as the parking lot boundaries. *Giant Food, et al. v. Gooch,* 245 Md. 160, 162, 225 A. 2d 431 (1967). Unfortunately he seized only upon this factual rule to the exclusion of the larger principle enunciated in *Proctor-Silex.* We must hold that he was in error not to consider the nexus between the access road and the work premises.

In *Salomon v. Springfield Hospital, supra,* we considered such a nexus. There we denied compensation to an employee who was injured in her automobile on an access road leading into the hospital. The distinguishing features of that case were, however, that the employee was not near the place where her duties were expected to be performed. Moreover, not only had she just entered the hospital grounds but the injury also occurred on a newly opened public highway which intersected the access road within the boundaries of the hospital grounds. In that case we noted "that 'premises' does not necessarily include all property owned by an employer. *Dept. of Correction v. Harris,* 232 Md. 180, 186, 192 A. 2d 479;

---

premises of his employer, or while in the immediate vicinity thereof if the injury results from an occurrence on the premises, shall be deemed to be performing service growing out of and incidental to his employment." Noted in 1 Larson, Workmen's Compensation Law, § 15.11, n. 1 (1968).

*E. I. DuPont de Nemours Co. v. Hall,* 237 F. 2d 145
. . . ." 250 Md. at 155. Those two cases involved employees injured in large work complexes when there was no integral relationship between the place of injury on the employer's property and where they worked. In *Harris, supra,* claimant was a prison inmate who left his work area, the sewing shop, to check into the prison infirmary for non-work connected medical care. In the *DuPont* case, *supra,* Hall was injured on a 200,000 acre complex on an access road three miles from his designated work area.

In the instant case there is no question of such remoteness. In fact the injury occurred in the parking area itself since this was an internal road which ran through and around the parking lot. In addition to this, the access road was the exclusive entrance to one of the parking areas provided for the employees. Saylor could hardly have been said to be deviating from his employment once he turned into the company gate, for he was both being prompt and following his employer's parking directions. *Rice v. Revere Copper & Brass, Inc.,* 186 Md. 561, 565, 48 A. 2d 166 (1946). He was in his work area because when he entered the grounds in an automobile his movement was in accordance with the traffic pattern established by his employer and in the immediate area where he was to perform his work both as to time and distance. The fact that he was in a car seems irrelevant, though we do note that most of the parking lot cases involve employees who were injured after alighting from their automobiles.

We are unwilling to express an opinion on how far removed from the work area an employee must be to have traveled beyond the zone of protection set up by the Workmen's Compensation Act because fairness and our prior decisions demand that such determination be made in each case on its particular facts. *Pariser Bakery v. Koontz, supra* at 589; *Consol. Engineering Co. v. Feikin,* 188 Md. 420, 424-25, 52 A. 2d 913 (1947). The mechanical application of generalizations concerning parking lot

injuries was the precise problem in this case. The attempt to draw a sharp line as to how far the zone of the protected work environment extended ignored a basic principle of Workmen's Compensation law which we expressed long ago in *Spencer v. Ches. Paperboard Co.*, 186 Md. 522, 525, 47 A. 2d 385 (1946):

> "No exact formula can be laid down which will automatically solve every case. *Baltimore Dry Docks & Shipbuilding Co. v. Webster,* 139 Md. 616, 626, 116 A. 842; *State Roads Commission v. Reynolds,* 164 Md. 539, 546, 165 A. 475; *Cudahy Packing Co. of Nebraska v. Parramore,* 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366."

There was some suggestion that this accident may have been covered by the proximity rule, another exception to the going and coming rule, which allows recovery for an off-premises injury where the employee is exposed to special risks. Our determination that this injury occurred on the premises obviates the need for such a consideration. We do, however, agree with the trial judge's view that the rock which set this accident in motion fails to attain the status of a "special hazard." *Salomon v. Springfield Hospital, supra* at 154-55.

The judgment below should have been for Saylor on the issue of the accident arising out of and in the course of his employment, and the case remanded to the Commission for determination of appropriate compensation or any other unsolved issues.

> *Order reversed and case remanded for further proceedings as indicated. Costs to be paid by appellees.*