709 A.2d 155

**BOARD OF COUNTY COMMISSIONERS
FOR FREDERICK COUNTY et al.**

v.

**Bridget VACHE.**

**No. 111, Sept. Term, 1997.**

Court of Appeals of Maryland.

May 14, 1998.

Michael J. McAuliffe, Quinn, McAuliffe, Rowan & Falconer, Rockville, for appellants.

John Wheeler Glenn (Preston & Glenn, Baltimore, and Edwin F. Nikirk, II, Frederick), on brief, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASNOW, RAKER, WILNER and CATHELL, JJ.

CATHELL, Judge.

Frederick County Board of County Commissioners and Great American Insurance Company, appellants, appeal from an order entered in the Circuit Court for Frederick County. That order affirmed an award by the Maryland Workers' Compensation Commission (the Commission) of workers' compensation benefits to Bridget Vache, appellee, for injuries she sustained after slipping on an icy sidewalk upon returning to work from lunch on February 10, 1994. We hold that because the circumstances surrounding appellee's injuries do not fall within any exception to the going and coming rule, her injuries do not arise out of and in the course of her employment and, therefore, are not compensable under the Maryland Workers' Compensation Act. Accordingly, we shall reverse the trial court.

## I. Facts

The facts in this case are not disputed. On February 10, 1994, appellee was employed by the Frederick County Board of Commissioners (employer). Parking privileges were not a part of her employment in that the employer did not provide appellee with a parking space. The employer leased office space from the Frederick County Board of Education (BOE) inside BOE's building. A lease between BOE and the employ-

er, which was introduced as evidence, reflects that BOE agreed to maintain the area outside the building, including the removal of snow and ice.

On the day in question, snowy, icy, and slippery conditions existed throughout the region because of a severe snow storm. BOE closed its offices due to the inclement weather. Frederick County government offices, however, remained open.

On the morning of February 10, appellee parked in BOE's parking lot. Normally, she was not permitted to park there, but because BOE was closed, there were ample open spaces. Appellee left that lot during her lunch break to run some errands in her car and, upon her return, found the BOE lot full. Appellee drove around the area to find another space, but because the public streets were piled up with snow, no street parking was available. Consequently, appellee parked in the St. John's Catholic Church parking lot behind the BOE lot.

Appellee waited at the back door of the BOE building, which was locked and for which appellee had no key, for a few minutes to see if someone might open the door. The back door was the closest door into the building from the church's lot. No one opened the door, so appellee decided to walk around to the front entrance of the building. To get to the front entrance, appellee had to walk on the sidewalk along Church Alley. Appellee testified that she saw ice on the Church Alley sidewalk, but that there were no other walkways to the front of the building and she could not walk on the street because cars were traveling on it. Appellee fell on the icy sidewalk and sustained injuries.

Appellee subsequently filed a workers' compensation claim against appellants, which they contested. On March 27, 1995, the Commission issued an order finding "that [appellee] sustained an accidental injury arising out of and in the course of employment on February 10, 1994, and that the disability of [appellee] is the result of the aforesaid accidental injury." Appellants appealed this finding to the Circuit Court for Frederick County. That court affirmed the Commission's

award on May 13, 1997. Appellants filed a timely notice of appeal to the Court of Special Appeals. On November 4, 1997, the parties filed a Joint Petition for Writ of Certiorari before the Court of Special Appeals heard arguments in the matter. We granted the petition on January 16, 1998 to address the scope of the proximity or "special hazard" exception to the going and coming rule.

Appellants present the following questions for our review:

1. Does the "going and coming rule" bar a workers' compensation claim by a Claimant who falls on a walkway just outside her place of employment when she is going to work?

2. Does the "proximity exception," or "special hazards exception," to the going and coming rule apply to a Claimant who falls on the sidewalk just outside of her place of employment, when the fall is caused by ice and snow all over the region?

## II. Discussion

The Maryland Workers' Compensation Act, Maryland Code (1991 Repl.Vol., 1997 Supp.), sections 9–101 through 9–1201 of the Labor and Employment Article,[1] provides benefits to persons who suffer "an accidental injury that arises out of and in the course of employment." § 9–101(b)(1). Generally speaking, injuries the employee incurs by going to or coming from work are not compensable under the act because they do not arise out of and in the course of employment. *Morris v. Board of Educ.*, 339 Md. 374, 380, 663 A.2d 578, 580 (1995); *Alitalia Linee Aeree Italiane v. Tornillo*, 329 Md. 40, 44, 617 A.2d 572, 573–74 (1993); *Wiley Mfg. Co. v. Wilson*, 280 Md. 200, 206, 373 A.2d 613, 616 (1977); *Saylor v. Black & Decker Mfg. Co.*, 258 Md. 605, 607–08, 267 A.2d 81, 83 (1970). "The reason for this rule is because getting to work is considered to be an employee's own responsibility and ordinarily does not

---

1. All statutory references shall be to the Labor and Employment Article unless otherwise indicated.

involve advancing the employer's interests." *Morris,* 339 Md. at 380, 663 A.2d at 580 (citing *Oaks v. Connors,* 339 Md. 24, 660 A.2d 423 (1995)); *see also Wiley,* 280 Md. at 206, 373 A.2d at 616. This general rule has come to be known as the "going and coming rule."

Several exceptions to the going and coming rule, however, have evolved. We described all four exceptions in *Alitalia,* 329 Md. at 44, 617 A.2d at 574, where we stated:

> Onto this general rule, however, the courts have engrafted several exceptions when compensation benefits may properly be granted. [1.] Thus, where the employer furnishes the employee free transportation to and from work, the employee is deemed to be on duty, and an injury sustained by the employee during such transportation arises out of and in the course of employment. *Tavel v. Bechtel Corporation,* 242 Md. 299, 304, 219 A.2d 43 (1966); *Rumple v. Henry H. Meyer Co., Inc.,* 208 Md. 350, 357, 118 A.2d 486 (1955). [2.] Compensation may also be properly awarded where the employee is injured while traveling along or across a public road between two portions of the employer's premises. *Wiley Mfg.,* 280 Md. at 206, 373 A.2d 613; *Procter[Proctor]–Silex v. DeBrick,* 253 Md. 477, 482, 252 A.2d 800 (1969). [3.] The "proximity" exception allows compensation for an injury sustained off-premises, but while the employee is exposed to a peculiar or abnormal degree to a danger which is annexed as a risk incident to the employment. *Pariser Bakery v. Koontz,* 239 Md. 586, 591, 212 A.2d 324 (1965); *see Md. Paper Products Co. v. Judson,* 215 Md. 577, 584–588, 139 A.2d 219 (1958). [4.] Injuries incurred while the employee travels to or from work in performing a special mission or errand for the employer are likewise compensable. *Reisinger–Siehler Co. v. Perry,* 165 Md. 191, 199, 167 A. 51 (1933); *see Dir. of Finance v. Alford,* 270 Md. 355, 359–364, 311 A.2d 412 (1973).

The only exceptions at issue in this case are the second and third, the "premises" exception and the "proximity" or "special hazard exception."

 Under the premises exception, although the notion of "premises" does not necessarily include all of the property owned by the employer, it does contemplate "compensation for injuries occurring on parking lots provided for the use of the employees," *Saylor,* 258 Md. at 609, 267 A.2d at 83, and where there is an "integral relationship between the place of injury on the employer's property and where [the employee] worked." Furthermore, the employee can receive compensation for injuries he or she suffers when

> the employee travels along or across a public road between two portions of his employer's premises, whether going and coming, or pursing his active duties.... But if the parking lot is a purely private one, the principle of passage between two parts of the premises is not available, and an employee crossing a public street to get to the parking lot is not protected.

*DeBrick,* 253 Md. at 482–83, 252 A.2d at 803 (quoting 1 LARSON, WORKMEN'S COMPENSATION LAW, § 15.14 (1968)). The principle behind this exception has been stated as:

> "Since ... a parking lot owned or maintained by the employer is treated by most courts as part of the premises, the majority rule is that an injury in a public street or other off-premises place between the plant and the parking lot is in the course of employment, being on a *necessary* route between the two portions of the premises...."

*Wiley,* 280 Md. at 206–07, 373 A.2d at 616 (quoting 1 LARSON, LAW OF WORKMEN'S COMPENSATION § 15.14 (1972)). Accordingly, the premises exception can apply when the employee's injuries occur on a parking lot maintained by the employer for the use of its employees or when the injuries occur between that employer-controlled parking lot and the physical place of employment.

Under the proximity exception, an employee can recover workers' compensation benefits while going to and coming from work and off of the employer's premises when

> the employment itself involves peculiar and abnormal exposure to a common peril which is annexed as a risk incident

to the employment, i.e., where the location of the plant is at a place so situated as to make the customary and only practicable way of immediate ingress and egress one of hazard which causes the injury.

*Pariser Bakery,* 239 Md. at 591, 212 A.2d at 327. In *Pariser Bakery,* the employee, Koontz, who regularly worked the night shift, was leaving the bakery at the end of his shift at approximately 4:00 a.m. As he departed the building and was stepping from the building's property line and onto the public sidewalk, Koontz heard a loud noise, looked to his right, and saw an object headed in his direction. As he stepped back toward the building, the object, an out-of-control automobile, ran onto the sidewalk and knocked down a street light. This street light fell on top of and injured Koontz.

Koontz sought workers' compensation benefits, claiming that his injuries arose out of and in the course of his employment. The circuit court agreed, granting Koontz relief under the proximity exception to the going and coming rule. On appeal, we disagreed. These injuries, we said, occurred on an ordinary sidewalk and

> [t]he danger which caused his injury was not a regular or frequent one to which his employment exposed him to a greater degree than was the general public. There was no evidence that he was placed near the danger by reason of his work, such as a railroad or a dock, to allow him compensation under the proximity rule.

*Id.* We then went on to clarify: "The gravamen of that rule is not that the employee is in close proximity to his place of employment, but rather that by reason of such proximity the employee is subjected to danger peculiarly or to an abnormal degree beyond that to which the general public was subjected." *Id.*

We examined the application of the proximity exception in *Salomon v. Springfield State Hospital,* 250 Md. 150, 242 A.2d 126 (1967). In that case, Salomon, an employee of the hospital, was struck by another car and injured as she crossed a newly opened portion of highway on her way to the hospital.

The car struck Salomon's car just inside the hospital grounds. Holding that the proximity exception did not apply in those circumstances, this Court noted:

> We have held in the past that traveling upon and crossing busy streets and highways, while it does entail some degree of danger, does not subject an employee traveling to and from work, to a greater degree of danger than he would be exposed to as a member of the general public.

*Id.* at 154, 242 A.2d at 129. *See also Morris,* 339 Md. at 380, 663 A.2d at 580–81("[T]he hazards encountered by an employee while commuting to work are common to all workers, no matter what their job, and, hence, such risks cannot be directly attributable to a person's particular employment.").

Finally, in *Wiley,* 280 Md. at 208–16, 373 A.2d at 617–21, this Court extensively analyzed the proximity exception to the going and coming rule. In that case, Wilson and his companions were released early from work one day at Wiley Manufacturing Company. After they "punched out," Wilson and his two co-workers headed for one of the parking lots maintained by the employer as a "fringe benefit" for employees. The men walked to the lot along main line tracks of the Penn Central Railroad, which was a shortcut to the parking lot. This shortcut customarily was taken by Wilson, his companions, and many other company employees.

On this particular day, the men were walking along the tracks when a northbound train approached them from behind. Apparently because of the noise generated by the other trains, only one of the men heard the approaching train and was able to leap to safety. The other two men were struck from behind and injured. The two injured employees filed workers' compensation claims.

In our opinion, we first noted that the going and coming rule applied because the employees were en route from work to leave for the day. We went on, however, to discuss exceptions to the going and coming rule, namely, the premises exception and the proximity or special hazard exception. With regard to the proximity exception, we explained that the

exception had two components: "The first is the presence of a special hazard at the particular off-premises point. The second is the close association of the access route with the premises, so far as going and coming are concerned." *Id.* at 208, 373 A.2d at 617(quotation omitted). Stated another way, "the proximity rule contains two elements: the presence of a *special hazard* at the particular off-premises point and the close association of the access route with the premises in respect to the 'going and coming.'" *Id.* at 215, 373 A.2d at 621. Addressing why most of the Maryland cases up until that time rejected the application of the proximity exception, we explained that "[w]hat was lacking in the prior Maryland cases ... was the 'special hazard' component. In none of those cases was there peculiar and abnormal exposure to a common peril beyond that to which the general public was subjected." *Id.*

Under the circumstances of the *Wiley* case, we said, the proximity exception did apply, namely because the employees were injured in close proximity to the plant, they and other employees had used that same shortcut continually and over a number of years, and "there was peculiar and abnormal exposure to a hazard beyond that to which the general public was subjected." *Id.* at 217–18, 373 A.2d at 621.

With the foregoing discussion in mind, we turn now to the case at hand.

### III. Analysis

#### A. Standard of Review

In general, decisions by the Commission are "presumed to be prima facie correct." § 9–745(b)(1). A reviewing court's role upon appellate review is to determine whether the Commission "(1) justly considered all of the facts about the accidental personal injury ... ; (2) exceeded the powers granted to it under this title; or (3) misconstrued the law and facts applicable in the case decided." § 9–745(c). If the reviewing court determines "that the Commission ... did not correctly construe the law and facts, [it] shall reverse or modify the

decision or remand the case to the Commission for further proceedings." § 9–745(e)(2).

We have held that an appellate court "may reverse a[C]ommission ruling only upon a finding that its action was based upon an erroneous construction of the law or facts." *Frank v. Baltimore County,* 284 Md. 655, 658, 399 A.2d 250, 252–53 (1979). Notwithstanding the deferential treatment of the Commission's decision, a reviewing court has broad authority and may reverse the Commission's decision when it is based on an erroneous conception of the law. *Id.; Bureau of Mines v. Powers,* 258 Md. 379, 383, 265 A.2d 860, 862 (1970); *Egypt Farms, Inc. v. Lepley,* 49 Md.App. 171, 176, 430 A.2d 122, 125 (1981). As we shall explain, both the Commission and the circuit court erroneously construed and applied the premises and proximity exceptions to the going and coming rule in this case.

The circuit court, in its ruling from the bench, essentially found that appellee was entitled to workers' compensation benefits because the accident occurred on her way into work and "either ... [on] the premises or in close proximity to the premises. The risk of opening and inviting its employees to risk was beyond ... that of the general public, it was created by the ice which was peculiarly located to the premises."

With regard to workers' compensation cases involving the coming and going rule and its exceptions, we often have said that each case "turns on its own particular facts." *Morris,* 339 Md. at 381, 663 A.2d at 581; *Alitalia,* 329 Md. at 46, 617 A.2d at 574–75; *Wiley,* 280 Md. at 216, 373 A.2d at 621. *See also Saylor,* 258 Md. at 610, 267 A.2d at 84; *Pariser Bakery,* 239 Md. at 589, 212 A.2d at 326. We perceive that the facts in this case did not fall within either the premises or the proximity exceptions to the going and coming rule.

## B. The Premises Exception

As we have indicated, the premises exception applies when an employee suffers injuries away from the place of employment but on a separate area maintained by the employ-

er for the employees or en route from or to those two locations. Thus, when an employee is injured traveling between a parking lot maintained by the employer for use by that employee to the place of employment, the injuries are compensable under workers' compensation.

■ In the case at hand, appellee was injured while walking on a public sidewalk on her way into work, but was not en route from any lot maintained by her employer for her use. Rather, the lot was privately owned and maintained by the St. John's Catholic Church. As we have stated, "if the parking lot is a purely private one, the principle of passage between two parts of the premises is not available, and an employee crossing a public street to get to the parking lot is not protected." *DeBrick*, 253 Md. at 482–83, 252 A.2d at 803 (quoting 1 LARSON, WORKMEN'S COMPENSATION LAW, § 15.14 (1968)). Accordingly, because appellee was en route to work from a private, non-employer maintained parking lot, the premises exception does not apply in this case.

## C. The Proximity Exception

■ This Court has not considered the proximity exception to the going and coming rule for some twenty years. *See Wiley*, 280 Md. 200, 373 A.2d 613 (1977). The parties now ask us to revisit this issue, define the scope of the exception, and determine whether snow and ice, which blanketed the entire region because of a severe snow storm and was present on virtually all public walkways, were a "special hazard" under the proximity exception. We hold that the proximity exception does not apply under the circumstances of this case.

We have said the proximity rule has two components, both of which must be satisfied in order for the rule to apply. The first component is "the presence of a special hazard at the particular off-premises point." *Id.* at 208, 373 A.2d at 617. The second component "is the close association of the access route with the premises." *Id.* With regard to the first component, we have described this special hazard as a "peculiar and abnormal exposure to a common peril beyond that to

which the general public was subjected." *Id.* at 215, 373 A.2d at 621. Furthermore, the "gravamen of the rule" is not that the employee was near her workplace, but by virtue of her proximity to her workplace she was exposed to a danger peculiarly or to an abnormal degree greater than the degree to which the general public is exposed.

Appellants essentially take issue with the first component of the proximity exception. They argue that "[t]here is no evidence whatsoever that [appellee] was subjected to a danger peculiarly or to an abnormal degree beyond that to which the general public was subjected." There was no special hazard in this case, they claim, because the ice, snow, and generally slippery conditions were present everywhere, not just on the Church Alley sidewalk.

Appellee, on the other hand, contends that the route was closely associated, at least geographically, with the employer's premises because, when walking on the sidewalk, she could literally reach out and touch the building. She then goes on to argue essentially that because ice and snow were located on that walkway, which was the access from the church parking lot to the BOE building, that ice was a hazardous risk to Frederick County employees beyond that to the general public.

We agree with appellants that the conditions in this case are not the type contemplated by the proximity or special hazard exception. Slippery ice and snow were present everywhere in that region on that day. The public at large, including appellee, was exposed to those conditions. In fact, most offices, including BOE offices, closed due to the inclement weather. Although appellee testified that Church Alley is the only access between the church lot and the front door leading to the employer's offices within the BOE building, Church Alley is a public street with a public sidewalk, which permits anyone from the general public to traverse this walkway at any given time. Further, appellee presented no evidence at either the Commission hearing or trial that the sidewalk was peculiarly or to an abnormal degree more dangerous to Fred-

erick County employees in the BOE building than to anyone else in the general public.

Additionally, there was no indication that the employer directed or even knew that appellee or other employees parked in the church's lot. Rather, appellee was free to park anywhere she wanted. Appellee presented evidence that, as a practical matter, the conditions prohibited her from parking where she might normally park because snow had piled up over most of the streets. This only demonstrates, however, the widespread inclement weather conditions, such as the hazardous snow and ice, to which everyone in the Frederick area was exposed during the relevant period. Accordingly, although the conditions on the Church Alley sidewalk were hazardous, we do not believe those conditions were a special hazard as contemplated by the proximity exception.

We hold that adverse weather conditions present throughout an area generally do not constitute a special hazard because the conditions created by adverse weather are not a special peril to which employees walking on public sidewalks are peculiarly or abnormally exposed. The snow storm and the conditions generated by it, although obviously hazardous to all Frederick County citizens, were not unique to Frederick County employees working in the BOE building because any member of the general public could have walked on this same public sidewalk and encountered the same dangerous conditions. Therefore, because the icy sidewalk was not a special hazard, the proximity exception does not apply under the facts of this case.

## IV. Conclusion

We hold that when an employee is injured on a public sidewalk en route to her place of employment while she was traveling from a parking lot not provided by her employer but from a privately-owned lot not associated with the employer's premises, the premise exception to the going and coming rule does not apply. We further hold that the proximity or special hazard exception does not apply when an employee is injured

by falling on a public sidewalk outside of her place of employment when the fall is due to slippery conditions resulting from snowy, icy, or other inclement weather conditions.

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT WITH DIRECTIONS TO REVERSE THE COMMISSION'S DECISION; COSTS TO BE PAID BY APPELLEE.**